UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 03-766-C

FEMALE JUVENILE, T.G., ET AL.,                                     PLAINTIFFS,

V.                          **OPINION AND ORDER**

NORTON HOSPITAL, ET AL.,                                     DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This action is before the court upon the motion of the defendants, Pediatric Pulmonary Medicine, P.S.C. ("PPM"), and Dr. Ronald Lee Morton, for summary judgment (DE 28). The plaintiffs, having filed no response, do not oppose the motion.

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. Pro. 56. The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the plaintiffs cannot rest on their pleadings, but must present "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

The plaintiffs brought this action alleging that the defendants provided negligent medical treatment to T.G. T.G. was hospitalized for acute pulmonary bleeding. Laboratory test results indicated that T.G. was not allergic to milk.

Based on this result, Dr. Morton misdiagnosed T.G.'s illness as idiopathic pulmonary hemosiderosis, and she was treated according to this misdiagnosis. The treatment, consisting of high-doses of corticosteroids, caused T.G. to suffer further pulmonary bleeds. In fact, T.G. has Heiner's Syndrome, which can be treated with diet modification.[1]

In Kentucky, negligence and proximate cause in medical malpractice actions must be established through expert testimony. However, when negligence is so apparent that a lay person could easily recognize it, expert testimony is not required. *Morris v. Hoffman*, 551 S.W.2d 8, 9 (Ky. Ct. App. 1977); *Estes v. King's Daughters Medical Center*, No. 01-5627, 2003 WL 932437, at *7 (6th Cir. March 6, 2003).

In this case, a lay person could not discern whether Dr. Morton's treatment was negligent. Thus, the plaintiffs must provide competent expert testimony regarding the alleged negligence.

The plaintiffs disclosed two medical experts to present testimony at trial, Dr. Alcorn and Dr. Feger. Neither doctor expressed the opinion that Dr. Morton or PPM provided negligent treatment or caused the plaintiffs' alleged injuries. As the plaintiffs have failed to present any expert testimony to allow a jury to determine whether Dr. Morton and/or PPM acted negligently, the plaintiffs' claims against those defendants fail as a matter of law.

---

[1] A more thorough factual summary can be found in the court's order entered December 8, 2004, docket entry 27.

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (DE 28) is **GRANTED**. The plaintiffs' negligence claims against Dr. Morton and PPM are **DISMISSED**.

Signed on  May 9, 2005

*Jennifer B. Coffman*
Jennifer B. Coffman, Judge
United States District Court

3